UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ETHEL L. TABOR, et al.                              CIVIL ACTION

VERSUS                                              NO: 21-01699

WILLIAM B. REILY & CO., INC., et al.                SECTION: T (2)

## <u>ORDER</u>

Before the Court is a Motion to Remand filed by Plaintiffs Alvin Kinler, Thomas Kinler, Linda Kinler Paternosto, Ethel L Tabor, Audrey Kinler Watts, and Elaine Kinler Vallee.[1] Defendant Huntington Ingalls Incorporated has filed a response in opposition.[2] For the following reasons, the Court will grant the Motion to Remand.

On July 19, 2019, Plaintiff-Decedent, Ethel Tabor, filed suit against various defendants, including Defendant Huntington Ingalls Incorporated ("Avondale"), in the Civil District Court for the Parish of Orleans alleging that she contracted mesothelioma resulting from take-home exposure to asbestos brought home by her husband, Herbert John Tabor, a former Avondale employee between 1975 and 1982.[3] Avondale removed this action pursuant to the federal officer removal statute, 28 U.S.C. § 1442, on September 16, 2021.[4] The Plaintiffs move for remand on the grounds the Defendant's removal of this action was untimely.

Ethel Tabor died on March 2, 2020, resulting from her mesothelioma diagnosis.[5] The Plaintiff-Decedent left her children as the statutory survivors and wrongful death beneficiaries and

---

[1] R. Doc. 21.
[2] R. Doc. 25.
[3] R. Doc. 21, p. 1-2.
[4] R. Doc. 1.
[5] R. Doc. 1-2, p. 1.

Plaintiffs of this action.[6] On August 16, 2021, the Plaintiffs produced supplemental responses to the Defendant's discovery requests, which the Defendant alleges was the first time it had knowledge that the asbestos exposure to the Decedent was the result of Mr. Tabor's work at Avondale as a gantry crane operator moving rolls and sheets of asbestos and boilers that contained asbestos materials.[7] After receiving the supplemental responses, Defendant removed the case to this court on September 16, 2021.[8]

Plaintiffs move to remand this case back to the Civil District Court for the Parish of Orleans alleging the Defendant's removal was untimely because it was removed two years after the filing of of the Original Petition.[9] Plaintiffs also claim the action must be remanded because Defendant failed to meet its burden of establishing federal subject matter jurisdiction under 28 U.S.C. § 1442(a)(1).[10]

Defendant states the action was properly removed because the Original Petition did not demonstrate the Decedent's exposure allegations were attributable to federal vessels as required by the federal officer removal statute.[11] The Defendant's removal is based on the Plaintiffs' August 17, 2021 supplemental discovery responses, specifically the supplemental response to interrogatory number 12.[12] Defendant requested the Plaintiffs "describe with specificity the location and manner in which you allege Herbert Tabor was exposed to asbestos while he was

---

[6] *Id*. at p. 1-2.
[7] R. Doc. 25, p. 1.
[8] R. Doc. 1.
[9] R. Doc. 21-1, p. 2.
[10] *Id*.
[11] *Id*. at p. 13.
[12] R. Doc. 1, p. 1-2.

2

working on a premises owned or operated by Avondale."[13] Plaintiffs responded:

> Mr. Tabor was exposed to asbestos through his work on Gantry Cranes on the Avondale premises. The Gantry Cane engine rooms and brakes contained asbestos, to which Mr. Tabor would have been exposed to. As a Gantry Cane operator, Mr. Tabor would have: (1) moved asbestos-containing material, including rolls and sheets of asbestos, all over the yard; (2) moved the boiler, which were fabricated in the yard and wrapped in asbestos; and (3) taken asbestos-containing insulation waste products to the dumpsters. Avondale has not provided any additional understanding of Mr. Tabor's work. The evidence by the plaintiff to date does not reflect Mr. Tabor working on, in, or around vessels.[14]

Based on the answer provided by Plaintiffs, Defendant removed this action under the federal officer removal statute.

Pursuant to 28 U.S.C. § 1442(a)(1), a civil action commenced in state court against "[t]he United State or any agency thereof or any officer (or any person acting under that officer) of the United State or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to federal court.[15] The purpose of the federal officer removal statute is to protect the federal government from undue state interference of its lawful activities.[16] The Fifth Circuit provided that "[t]he plain meaning of the added language broadens the scope of the statute as the ordinary meaning of [relating to] is a broad one – 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'"[17]

Plaintiffs first argue Defendant's removal was untimely because it occurred more than 30 days after service of the original petition. Plaintiffs further allege Defendant does not qualify as a

---

[13] R. Doc. 1-3, p.1.
[14] *Id.*
[15] 28 U.S.C. § 1442.
[16] *Mesa v. California*, 489 U.S. 121, 126 (1989).
[17] *Zeringue v. Crane Co.*, 846 F.3d 785, 793 (5th Cir. 2017).

person acting under the direction of a federal officer within the meaning of the federal officer removal statute because Defendant failed to establish evidence of a "colorable defense."

A motion to remand is considered by evaluating the original petition for grounds for removal.[18] The Defendant claims the original petition did not affirmatively reveal on its face that the case was removable, as required to trigger the mandatory 30-day removal window. Defendant relies on the Fifth Circuit's holding in *Chapman v. Powermatic, Inc.*, which provided that § 1446(b) requires removal within 30 days of service of the initial pleading "only when that pleading affirmatively reveals on its face" that the case is removable.[19] Defendant suggests it is the subjective knowledge of a defendant that determines whether a pleading is unequivocally clear to trigger removal.[20] However, this rule was adopted to focus the court's attention on what the initial pleadings set forth and not on a defendant's subjective knowledge.[21]

Defendant's removal is based on the Plaintiffs' August 17, 2021 supplemental discovery responses, specifically the supplemental response to interrogatory number 12.[22] The supplemental discovery responses echoed the allegations the original petition highlighted: (1) that Herbert Tabor was a gantry operator and (2) that Herbert Tabor was exposed to asbestos from working for Avondale through asbestos containing materials. In the original petition, Ethel Tabor specifically alleges she was exposed to asbestos brought home on her husband's clothing from working as a gantry operator at Avondale where he was exposed to asbestos containing materials.[23] The petition

---

[18] *Spear Mktg. v. BancorpSouth Bank*, 791 F.3d 586, 591 (5th Cir. 2015).
[19] *Chapman v. Powermatic, Inc.*, 929 F.2d 160, 163 (5th Cir. 1992).
[20] R. Doc. 25, p. 9.
[21] *Morgan v. Dow Chem. Co.*, No. CV 17-269-JWD-UNA, 2017 WL 7833615, at *4 (M.D. La. July 18, 2017).
[22] R. Doc. 1, p. 1-2.
[23] R. Doc. 1-1, p. 2-3.

4

further claims Defendant had knowledgeable experience and was a sophisticated user of asbestos and of its effects if one were exposed.[24] The original petition alleges Herbert Tabor, Ethel Tabor's husband, was exposed to FRDM cut and installed onto vessels at Avondale, which contributed to Ethel Tabor's injuries.[25]

The original petition served on Defendant included more than enough information alleging Herbert Tabor, while employed with Avondale, brought home asbestos from working on Avondale vessels with asbestos containing materials, to his wife. During depositions, Defendant learned when Herbert Tabor was working for Avondale and where he was assigned to work. Yet, Defendant claims the original petition did not contain information regarding Herbert Tabor's work necessary to link his exposures to federal vessels.

It is clear Defendant did not remove the case within 30 days of receiving the original petition. The original petition was served on August 15, 2019 and Defendant removed the case on September 16, 2021. Therefore, Defendant's failure to remove the action within 30 days from the date of service of Plaintiffs' original petition, which was in August 2019, renders Defendant's September 2021 removal of this action untimely.

Defendant otherwise invokes the federal officer removal statute. That statute, unlike the general removal statute, must be liberally interpreted, but it is not limitless.[26] The removing party has the burden to establish the existence of federal jurisdiction over the controversy.[27] The Fifth Circuit adopted a three-part inquiry to determine whether a government contractor qualifies as a

---

[24] R. Doc. 1-1, p. 3.
[25] *Id.*
[26] *Watson v. Phillip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397-98 (5th Cir. 1998).
[27] *Winters*, 149 F.3d at 397.

person acting under the direction of a federal officer.[28] The contractor must prove that (1) it is a person within the meaning of the statute; (2) it acted pursuant to a federal officer's directions, and a casual nexus exists between its actions under color of federal office and the plaintiff's claims; and (3) it has a colorable federal defense to the plaintiff's claims.[29]

There is no dispute that Defendant, as a corporation, qualifies as a "person" within the meaning of § 1442. Both the Supreme Court and the Fifth Circuit have recognized that the removal statute applies both to private persons and corporate entities "'who lawfully assist' the federal officer 'in the performance of his official duty.'"[30] Therefore, Defendant has sufficiently shown that it is a "person" within the meaning of the federal officer removal statute.

Second, the Defendant based its removal notice on the Plaintiffs' supplemental discovery response to interrogatory number 12 which emphasized allegations the original petition already included. The supplemental discovery responses failed to link Ethel Tabor's or Herbert Tabor's asbestos exposures to the construction of federal vessels, nor did it contain any information to indicate that Mr. Tabor acted pursuant to a federal officer's directions.

In *Wilde v. Huntington Ingalls, Inc.*, the plaintiff filed suit against Avondale alleging that she developed mesothelioma resulting from asbestos exposure from her father's and brother's work at an Avondale shipyard.[31] Avondale removed the action to federal court pursuant to § 1442 based on the plaintiff's pre-deposition reliance materials.[32] The court determined Avondale did

---

[28] *Latiolais v. Hutington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).
[29] *Id.*
[30] *See Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 461 (5th Cir. 2016) (quoting *Watson*, 551 U.S. at 151 (quoting *Davis v. South Carolina*, 107 U.S. 597, 600 (1883))).
[31] *Wilde v. Huntington Ingalls, Inc.*, 616 Fed.Appx. 710, 712 (5th Cir. 2015).
[32] *Id.*

not establish a casual nexus between its action and the plaintiff's claims, remanding the case.[33] In its notice for removal, Avondale asserted the government "promulgated specific safety … regulations and requirements for shipbuilding … including the 1943 'Minimum Requirements for Safety and Industrial Health in Contract Shipyards,' … which set minimum standards" for asbestos use.[34] On appeal, the Fifth Circuit affirmed the decision to remand concluding that Avondale provided no evidence that showed the plaintiff's father and brother were ever in contact with federal ships.[35] Here, Defendant fails to attach any evidence to support its assertions in its notice of removal to support that Herbert Tabor worked on federal vessels which were regulated by specific government regulations and requirements for a colorable contractor defense. Similar to the facts and argument asserted in *Wilde*, Defendant maintains that, during the time of Herbert Tabor's employment, Defendant had contracts with the government. However, as in *Wilde*, Defendant has failed to show how Herbert Tabor specifically was involved with that government contract work.

In conclusion, this court finds that Plaintiffs' Motion to Remand should be granted because the Defendant failed to remove the case in a timely manner and failed to establish that removal was proper under the federal officer removal statute. Accordingly,

**IT IS ORDERED** that Motion to Remand is GRANTED and this case is remanded to the state court for further proceedings.

New Orleans, Louisiana, this 30th day of September 2022.

_____
Greg Gerard Guidry
United States District Judge

---

[33] *Id.*
[34] *Id.* at 716.
[35] *Id.* at 714.

7